Well, formally, I'll introduce myself. My name is Nancy Hinchcliffe, and I'm an attorney from Phoenix, Arizona. And as the Court is well aware, I represent Mr. Mejia-Vasquez in this appeal. There were five issues that are briefed and response filed by the government and also reply. I'm not going to stand here and go over these arguments in detail, because I think that the argument has been presented as well as I can present it in the briefs. I would like to address one issue first as to argument one, which is the argument concerning the Rule 29 motion. There is a 28J letter that has been filed with the Court. I received a copy of it on Friday. I apologize to you for not being fully briefed on the issues that I'm about to raise because of that, but there are several things that I want to comment upon. First of all, when I saw the 28J letter, I thought, this is a bit untimely. The brief itself was filed in September by another attorney, not Mr. Boyle, but another attorney in the United States Attorney's Office. And here I was getting this 28J letter on virtually the business day before argument. Well, are you saying we shouldn't consider it, or? Yes. That's going to be what I'm about to say, and I'll tell you why. They're citing a 1995 case. We're just supposed to, like, throw it out of the books or? Well, frankly, the Court's going to do what the Court wants to do because you have the discretion to do it, and I understand that. But the reason that I think that it's somewhat unfair, and I'm getting to a waiver argument is what I'm getting to, it was my understanding that a 28J letter is basically designed to add supplementation to an argument that's really already been presented. This is not an argument that has been presented before in the government's brief. So what issue, in your view, has the government waived? Specifically, the first point says that if the defendant presents a case, in this case he testified, there was no evidence introduced, the only evidence was his testimony, no other evidence on behalf of the defense, then the whole argument is waived, basically. The motion is waived. So, of course, that would just end argument number one, and I should be telling me to move on if the Court's going to consider this. Additionally, I would just point out that on the second part of this, it does indicate that in considering a motion for acquittal, a motion for judgment of acquittal, that the Court must consider all of the evidence, not just the evidence in the case in chief, but all of the evidence. In this case, it would only be the evidence in the case in chief and also the evidence that was presented by the defendant in his seven-page testimony. This kind of gets to the question that Silverman asked you earlier. I mean, this is essentially the law of judgments of acquittal. This law is pretty well settled, and as you know as an experienced trial lawyer, one of the risks of calling your client to the stand after you've made a Rule 29 motion is that under the law, the Court can later consider whatever evidence the defense offered during its case in chief. So I'm not sure that the government is making a new argument in the sense that the law is what it is. The 1995 case, I think, pretty well lays that out, and it seems to me that it would be a miscarriage of justice if we were to ignore settled precedent and grant you the relief that you're asking for by only looking at the state of the evidence at the close of the government's case in chief. That's not what the case law says we do. I think that perhaps I need to move on with this argument. I think that might be a good idea. Just officially for the record, if I may, the Court can also find that certain arguments have been waived, and when you receive such a letter virtually just right before oral argument, and that argument has never been made before, it seems to me that it's inappropriate. And I just want to make one other comment about the 28J letter. I'm not sure this first case is correct. I do think the second case, the principle that's set forth in the older case, is correct. I think that that is well established. But I think the first case may not be correct. I think now it's not a waiver if a defendant testifies. Absolutely. It would depend on what evidence is presented by the defense. For example, if you made a motion for judgment of acquittal, and in point of fact, you presented a case, but you didn't present any evidence in your case that supplemented the missing evidence, then I don't think it's a waiver. I think that word should be used. The question is always whether or not whatever was introduced in the defense case fills the gaps that might have existed at the end of the prosecution's case in chief, is it not? That's the issue that the court has to look at in order to determine. I think that's correct. But this case characterizes it in terms of a waiver. Moving on, I was going to discuss Argument No. 2 with you. But, of course, at this point, I think that Argument 2 is the argument about the revocation of the conditions of probation, or supervised release, I should say, which was based upon the conviction. And so in light of where I think the Court's going with this, I'm not going to talk any more about that. I wasn't going to say that. Breyer. One rises or falls with the other. Yes. They're both tied together. The other argument that I'd like the Court to seriously consider is Argument No. 3. Argument No. 3 is the case or the situation where Mr. Mejia-Vazquez was awarded two criminal history points for a State conviction. The portion of the State conviction that he was awarded the points for was the 90 days that he served in jail. He got two criminal history points because of the 90-day sentence. I realize there's law that says you cannot collaterally attack a conviction in a sentencing proceeding such as this. I would argue that because of the unique circumstances of this particular conviction and the fact that it was pointed out, not by the defense attorney, but by the pre-sentence officer in the pre-sentence report, that in point of fact, the conviction had been overturned. He received a two-year sentence. I don't want to tell you more. I guess the bottom line is that is there any unique circumstances, exception to the general principle, that you can't collaterally attack the conviction? Because that seems to me what we have the conviction, it's on the books, and now you're asking us to kind of go underneath it and say, well, there are these special circumstances, the two years, the 90 days. I think it's unique because the decision regarding the two-year sentence, which was actually mentioned in the pre-sentence report by the pre-sentence report writer, that's the very same case. And so the court, this is a district court judge who's sitting in the State of Arizona. Proposition 200 was an initiative that was passed by the people. But now you're really going to the merits of recognizing the conviction as opposed to my question, which is what law would permit us to even go the route you're asking us to go? I guess what I'm saying is a matter of fairness and the fact that when you look at this very case, and in this very case, you know that the court of Arizona has ruled that you cannot serve incarceration for this type of offense. He was a first-time drug offender. As a first-time drug offender under Proposition 200, Your Honor, you are not to receive any type of incarceration. True, he only appealed the prison sentence portion of this, but I believe that there's enough evidence before the judge at this point for him to consider not to overturn this conviction or not to consider it as a conviction. And in fact, it might have been very possible for him to award one criminal history point if he hadn't already maxed out and received four. But in this particular case, because of the unique circumstances, here's a situation where the law in Arizona is clear that this young man should not have received a 90-day jail sentence for this particular offense. You've only got less than a minute left. Did you want to reserve anything? I think I should. Thanks, Mr. Chairman. And thank you. Good morning, Your Honors. John Boyle on behalf of the United States. Regarding the 28J letter, the government does not intend to make a new argument. Just to advise the Court of the standard of the law, I think if the law had been contrary to the United States, we still would have filed a 28J letter notifying the Court of the standard of review that you were required to follow. We, I think the parties agree that the defendant's testimony that you have in front of you establishes that he admitted crossing through the desert. He was not under official restraint. He had gone through Parker and then to Lake Havasu City where he was arrested. So the trial evidence you have from his own words at trial establishes there was no official restraint. I'm happy to address any other questions, but I believe the government's established that the core offense in this case was met. The defendant was an alien who was deported. He was found in the United States without permission. Both Corona Garcia and Castellano Torres, or Quintana Torres, both support the government in this regard. Both of those cases involved defendants who were in custody, incarcerated in California. They were interviewed, and the fact that there was no evidence presented regarding official restraint did not prohibit the government from prevailing in those cases. Moving on to argument number three, I think that we all agree, again, that we're not attacking the conviction here because the defendant was convicted. We're talking about the jail sentence. And I don't necessarily agree with the appellant in this case that we have a clear record even regarding the 90-day jail sentence. We know that he received 90 days jail, but number one, it's not been clearly established if that was actually in violation of the law. Assume it was in violation of the law. We know the defendant never appealed that 90-day sentence, so it is a matter of record. It was not appealed by him. And we also don't know, for example, if even if it was a violation of the law at the time he was sentenced to 90 days jail, that perhaps he waived the imposition of no jail. He could have asked for jail, and this is precisely the reason we don't go back in time. Your argument is that if no jail is permitted, he can consent to jail anyway? I don't know. But my point is perhaps that's possible, that he wanted drug treatment, and so he asked for 90 days jail. Maybe the law wasn't clear at the time of his sentencing, so he agreed to waive any future argument he might have against that 90-day jail sentence. Well, if they treat it as a misdemeanor by statute, he can say, I prefer to have it as a felony, and that would be okay? No, because that would, by statute, that would be illegal. Well, I'm saying if the statute says you can't impose jail, you're saying he can consent to jail? No, I'm saying at the time that this was a new law that was imposed in 1996. Obviously, these cases, including his two-year prison sentence, were appealed at a later date. The law wasn't necessarily settled as to this issue. Okay, so you're not arguing he can consent to an illegal sentence? Clearly. No, I agree with that. I'm just saying that if he may have consented to a 90-day jail sentence, and it might not have been clear, this law may have been changed. But the point the government's making is we just don't have a clear record of what happened in superior court at the time. But what we do know is that the 90-day jail sentence still stands. Even if he accepted the 90-day sentence and then under the Arizona law it's deemed illegal, does he have recourse under Arizona law with respect to that conviction? I would think that it's too old at this point, certainly, to go back and contest in the same way he couldn't contest perhaps other procedural errors or ineffective assistance. I mean, this is a conviction and a sentence of 90 days from 1996. So I can't tell you all the procedural possibilities he might have in Arizona state court now, but I think that the law is pretty clear that the reason we don't want to go back that far 12 years from now is this has been settled. I mean, his 90-day sentence is more than a decade old. Moving on to, finally, acceptance of responsibility, the fifth argument. I would also note for the court that aside from what we put in the briefs, the record does show that when the defendant testified, he was asked several questions by the government. And he, for example, was asked, when did you cross the border? And he said, I don't remember. He was asked, where did you cross the border? He said, I don't remember. So aside from the fact of him saying he thought he had permission, there were additional pieces of evidence where the district court could have found that from his testimony, he was not admitting all of the elements of his offense. And that would be an additional grounds in which the court could have found that he had not accepted responsibility. If there are no other questions from the court. Thank you, Mr. Boyle. Thank you. Ms. Hinchcliffe, you get the last word. I guess we could speculate about his 90-day sentence. I can speculate as well as the prosecutor on that. It may have been that he was in custody and he got a time-served sentence and he happened to have served 90 days. But that's not in the record. What is in the record is what's in the pre-sentence report.  I guess I would say that the court, in the direction that was before him, realized that there was a case, that there was a sentence that was illegal. At the time of sentencing, this was a statute. The law was settled. And, in fact, he could not be incarcerated legally in Arizona as a first-time drug offender. And yet this young man was apparently for 90 days. And I ask the Court to consider that. I think I have eight seconds, and I'm going to stop ahead of time for the first time in my life, with a whopping three seconds left. We'll give you that eight seconds in the next argument. Thank you, Ms. Hinchcliffe. Mr. Boyle, thank you. The case just argued is submitted. Mr. Baggett, you're on deck, so just hang on one sec.
judges: Silverman, McKeown, Tallman